UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHERI CURLER,

        Plaintiff,

v.                                                                                                                                                 Case No. 11-CV-14570
                                                                                                                                  Honorable Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

**ORDER ACCEPTING IN PART AND REJECTING IN PART THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND AFFIRMING THE COMMISSIONER'S DETERMINATION**

**I.    INTRODUCTION**

Plaintiff Sheri Curler filed the present action on October 17, 2011 asking the Court to review the Commissioner's determination denying supplemental security income benefits. On June 4, 2012, Magistrate Judge Charles E. Binder recommended that this Court deny Defendant's Motion for Summary Judgment and grant Plaintiff's Motion for Summary Judgment. The Magistrate Judge reasons that the record does not support a finding of not disabled and the matter should be remanded back to the administrative level for an award of benefits. The Commissioner filed an objection and Curler responded. For the reasons stated below, the Court will not accept the Report and Recommendation's conclusions of law to the extent this opinion contradicts. Therefore, the Commissioner's motion for summary judgment is granted and Plaintiff's motion for summary judgment is denied.

**II.    BACKGROUND**

The Magistrate Judge described in great detail the factual basis and the Court adopts the

Report and Recommendation's findings of fact in their entirety.

## II. STANDARD OF REVIEW

The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* A party's failure to file any objections waives his or her right to further appeal. *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Necessarily, a party's failure to object to a report and recommendation relieves the Court from its duty to review the matter independently. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Judicial review of the Commissioner's decision is limited to determining whether the findings of fact made by the Commissioner are supported by substantial evidence and whether the Commissioner used the proper legal criteria in reaching the conclusion. *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Sec. of Health and Human Serv.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review, resolve conflicts in the evidence, or decide issues of credibility. *Garner*, 745 F.2d at 787. Therefore, the administrative law judge's (ALJ) credibility findings should not be discarded lightly and must be accorded great deference. *Hardaway v. Sec. of Health and Human Serv.*, 823 F.2d 922, 928 (6th Cir. 1987). A finding of substantial evidence must be based on the record as a whole. *Gardner*, 754 F.2d at 388. The Commissioner's decision will be upheld if it is supported by substantial evidence even if the record might support a contrary decision, *Smith v. Sec. of Health and Human Serv.*, 893 F.2d 106, 108 (6th

Cir. 1989), or the Court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (quoting *Baker v. Heckler,* 730 F.2d 1147, 1150 (8th Cir. 1984)).

## III. ANALYSIS

The Commissioner makes several objections. First, the Commissioner argues that the Magistrate Judge erred in finding that the ALJ violated the treating physician rule as to Dr. Ingram. The Magistrate Judge noted that the ALJ did not give Dr. Ingram's opinion any apparent weight nor determine the opinion's weight based on the factors found in section 20 C.F.R. §§ 416.927(c)(2)–(c)(6). The Commissioner argues that the ALJ gave good reasons for rejecting Dr. Ingram's opinion and is not required to discuss each factor.

An ALJ is required to give a treating physician controlling weight if the opinion "is well-supported by medically accepted clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in . . . [the] record . . . ." 20 C.F.R. § 416.927(c)(2). If the treating physician is not given controlling weight, the ALJ must balance certain factors to determine the weight to give to the opinion: the length of the treatment relationship and frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the whole record, the treating physician's specialization, and other factors. 20 C.F.R. §§ 416.927(c)(2)–(c)(6). The ALJ must also articulate "good reasons" for the weight given. *Id.* at § 416.927(c)(2). The Court will "not hesitate to remand when the Commissioner has not provided 'good reasons' for the weight given to a treating physician's opinion and we will continue remanding when we encounter opinions from ALJ's that do not comprehensively set forth reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004). The Court respectfully disagrees with the opinion of the Magistrate Judge.

It appears that the ALJ gave Dr. Ingram significant weight, noting that the form used did not refer to treatment notes and that there were inconsistencies in Dr. Ingram's conclusions and the treatment notes. (Tr. at 17) ("I have given significant weight to [Dr. Ingram's] treatment records . . . ."). The ALJ opined that the treatment notes "consistently reflect severe depression but also that the claimant's thought processes remain in order." (Tr. at 17) It does not appear that the ALJ rejected Dr. Ingram's opinion at all. While the ALJ did not discuss every § 927 factor, the ALJ did balance at least two factors. The ALJ noted that Dr. Ingram failed to support his opinion. A treating physician's opinion must be supported by the record. *See* 20 C.F.R. § 416.927(c)(3) ("The more a medical source presents relevant evidence to support an opinion . . . the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion."). Therefore, it is appropriate for the ALJ to accord only significant weight to Dr. Ingram's opinion based on his failure to point to specific portions of the record or provide explanation. *See White v. Comm'r of Soc. Sec.,* 572 F.3d 272, 286 (6th Cir. 2009) ("Conclusory statements from physicians are properly discounted by ALJs.") The ALJ discussed at length inconsistencies in Dr. Ingram's opinion when compared to the treatment record. *See* 20 C.F.R. § 416.927(c)(4).

Second, the Commissioner contends that the ALJ erred by finding that the ALJ's residual functional capacity (RFC) was not supported by substantial evidence because he failed to properly account for Dr. Prakash's diagnosis of lupus erythematosus. The Magistrate Judge noted that Dr. Prakash's diagnosis was made two years after the physical RFC assessment was completed and, therefore, the ALJ could not have adequately considered Curler's lupus erythematosus when determining Curler's RFC. The Court does not agree. It does not appear that the ALJ completely

4

adopted the 2008 physical RFC assessment form. The medical consultant opined that Curler could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, or climb. However, the ALJ limited Curler to no climbing, balancing, kneeling, crouching, or crawling—far more strict than the medical consultant's RFC assessment. The simple fact that the lupus diagnosis was made two years after the 2008 physical RFC assessment will not render the ALJ's RFC unsupported by substantial evidence.

Third, the Commissioner objects to the Magistrate Judge's conclusions as to the treatment of Curler's subjective complaints. The Magistrate Judge found that the ALJ erroneously disregarded Curler's testimony on the intensity and persistence of her symptoms solely because they were not substantiated by the medical record. The Magistrate Judge further noted that the ALJ should have balanced all the requisite factors and that Curler's statements on extreme fatigue were consistent with her diagnoses of lupus and depression.

When a claimant alleges disabling systems, such as extreme fatigue, the ALJ must evaluate these symptoms in two steps. First, he must determine whether there is an underlying medically determinable physical or mental impairment. SSR 96-7p, 1996 SSR LEXIS 4. Next, the ALJ must decide whether the objective medical evidence confirms the symptoms or if the symptoms are of a nature that would be reasonably expected from the medical condition. *Id.*; *Felisky v. Bowen*, 35 F.3d 1027, 1038–39 (6th Cir. 1994). "An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence." SSR 96-7p, 1996 SSR LEXIS 4. If the objective medical evidence does not substantiate the claimant's allegations, the ALJ must make a credibility determination. *Felisky*, 35 F.3d at 1038–39. Any

5

conclusions on Curler's credibility are reserved for the ALJ and not this Court. *Id.* at 1036. However, the ALJ must clearly state his reasons for rejecting the claimant's testimony. *Id.*

In evaluating a claimant's subjective complaints, the ALJ must consider the claimant's daily activities; the location, duration, frequency and intensity of the symptoms; the precipitating and aggravating factors; the type, dosage and effect of medication; and the other treatment or measures to relieve symptoms. SSR 96-7p, 1996 SSR LEXIS 4; *Felisky*, 35 F.3d at 1039–40. The ALJ is not required to make a finding as to each factor. *See Bowman v. Chater,* 1997 U.S. App. LEXIS 34130, 12 (6th Cir. Nov. 26, 1997). Although it can be said that Curler's complaints are consistent with lupus and depression, the ALJ provided reasons for discounting the severity of her allegations as required by the regulations. In discounting Curler's subjective allegations of fatigue, the ALJ noted that she is able to meet the demands of a single parent and has only had conservative treatment. The Court will not and cannot reassess Curler's credibility; that assessment is within the complete discretion of the ALJ.

The Court declines to accept the Magistrate Judge's Report and Recommendation's conclusions of law and finds that the ALJ's decision was supported by substantial evidence. The Commissioner's of not disabled is AFFIRMED.

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the Report and Recommendation [Docket No. 11, filed June 4, 2012] is **ACCEPTED IN PART** and **REJECTED IN PART**. Specifically, the Court accepts the Report and Recommendation's findings of fact but rejects the Report and Recommendation's conclusions of law.

**IT IS FURTHER ORDERED** that the Commissioner's Motion for Summary Judgment [Docket No. 10, filed March 30, 2012] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [Docket No. 9, filed March 1, 2012] is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS SO ORDERED.**

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: March 28, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

7